FILED
12/2/20 1:26 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| Andrea Watson-Lindsey, | : | Case No. 19-24544-GLT |
| | : | |
| Debtor | : | Chapter 13 |

*************************************************************************

| | | |
|---|---|---|
| Andrea Watson-Lindsey, | : | |
| | : | Related to Document No. 64 |
| Movant | : | |
| | : | Hearing Date & Time: |
| vs. | : | December 2, 2020 at 10:00 AM |
| | : | |
| | : | |
| Pittsburgh Water and Sewer | : | |
| Authority, | : | |
| County of Allegheny, | : | |
| City of Pittsburgh & School | : | |
| District of Pittsburgh, | : | |
| Respondents | : | |
| | : | |
| And | : | |
| | : | |
| Ronda J. Winnecour, Esquire | : | |
| Chapter 13 Trustee, | : | |
| | : | |
| Respondent | : | |

*************************************************************************

### MODIFIED ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY FREE AND DIVESTED OF LIENS

**AND NOW**, this __2ND__ day of __December__, 2020, on consideration of the *Movants' Motion for Sale of Property Free and Divested of Liens* to ***Terrys Real Estate Investments, LLC at 229 Ames Street, Pittsburgh, PA 15214***, for ***$60,000.00***, after hearing held in: (Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219), this date, the Court finds:

1. That service of the notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondent, was effected on the following secured creditor whose liens are recited in said Motion for private sale, viz:

| **DATE OF SERVICE** | **NAME OF LIEN OR/AND SECURITY** |
|---|---|
| | Pittsburgh Water and Sewer Authority |
| | County of Allegheny |

|  |  |
|---|---|
| November 4, 2020 | City and School District of Pittsburgh<br>GRB Law<br>c/o Jeffrey R. Hunt, Esquire<br>437 Grant Street, 14th Floor<br>Frick Building<br>Pittsburgh, PA 15219 |
| November 4, 2020 | Ronda J. Winnecour, Chapter 13 Trustee<br>Suite 3250, US Steel Building<br>600 Grant Street<br>Pittsburgh, PA 15219 |

2. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditor(s) and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

3. That at the sale hearing, the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in the cancellation of said sale.

4. That the price of $ 60,000.00 offered by  Terrys Real Estate Investments,, LLC was a full and fair price for the property in question.

5. That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re: Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d., 143 (3rd Cir. 1986).

Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED**, that the sale by General Warranty deed of the real property described as 229 Ames Street, Pittsburgh, PA 15214 is hereby **CONFIRMED** to *Terrys Real Estate Investments, LLC* **for *$60,000.00***, free and divested of the above recited liens and claims, that the Movant is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of the sale;

**IT IS FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

**FURTHER ORDERED** that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the closing agent to timely make and forward the*

*disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.  Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1)    The outstanding balance to <u>City of Pittsburgh</u> payoff $4,326.67.
(2)    The outstanding balance to <u>School District of Pittsburgh</u> payoff $5,085.82.
(3)    The outstanding balance to <u>County of Allegheny</u> payoff $1,741.20.
(4)    The outstanding balance to <u>Pittsburgh Water and Sewer Authority</u> payoff $733.01
(5)    All delinquent and current real estate taxes, Sewage Charges and other Municipal Claims shall be paid in full at the time of closing;
(6)    Court approved attorney fees in the amount of <u>$1,500.00</u>;
(7)    Advertising expense $ 161  ; Pittsburgh Legal Journal and Post Gazette  $70
(8)    Chapter 13 Trustee "[percentage fees" in the amount of $ 949.25    payable to Ronda J. Winnecour, Chapter 13 Trustee P.O . Box 2587, Pittsburgh, PA 15230;
(9)    Proceeds to be held by trustee pending further order of Court for distribution according to confirmed plan and 100% of timely filed unsecured claims.

**FURTHER ORDERED** that:

1. *Within seven (7) days of the date of this Order*, the Movant shall serve a copy of the within *Order* on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

2. *Closing shall occur within thirty (30) days of this Order.*

3. *Within seven (7) days following the closing*, the Movant shall file a *Report of Sale*, which shall include a copy of the HUD-1 or other Settlement Statement; and

4. This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

5. Proof of publication shall be filed within 14 days of closing.

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY COURT