FILED
3/3/22 2:53 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 19-24544-GLT |
| | : | |
| ANDREA WATSON-LINDSEY | : | Chapter 7 |
| | : | |
| *Debtor* | : | |
| | : | Related Dkt. No. 126 and 145 |
| Natalie Lutz Cardiello, Trustee | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| United States of America, Internal Revenue Service; Commonwealth of Pennsylvania, Department of Revenue; County of Allegheny; Jordan Tax Service; City of Pittsburgh; Pittsburgh Public Schools; and Pittsburgh Water and Sewage Authority | : : : : : | |
| | : | |
| Respondents | : | |

## ORDER OF COURT

AND NOW, to wit, this 3rd day of March, 2022, the Court having considered the Motion to Sell Real Property Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances, and all responses filed thereto, and having held hearing thereon as required by law, IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND AND DECREED THAT:

1. Debtor is the owner of real estate located at **229 Ames Street, Pgh., PA 15214** ("Real Property").

2. Based on a Property Report obtained by the Trustee, the liens and encumbrances against the Estate's interest in and to the said Real Property in the order of their priorities, are as follows, to wit:

    (a)  Current and past due taxes and/or municipal liens due to Allegheny County, City of Pittsburgh, Pittsburgh Public Schools and PWSA.

3. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/Estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

4. The best interests of this Estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of said Real Property, free and clear of all third party interests, liens,

claims, charges and/or encumbrances against the same, specifically including but not limited to all liens and/or encumbrances, including but not limited to those of all parties named as Respondents hereto, including but not limited to the statutory, mortgage, and/or judicial liens of the Respondents hereto as set forth above, excepting only those rights of way, easements and restrictions of record or as are apparent from an inspection of the Real Property.

5. The Real Property is sold free and clear of all liens and/or encumbrances (judicial, statutory and consensual), security interests, claims, charges and interests, including ownership interests, and they hereby are divested from the Real Property being sold. If and to the extent they may be determined to be valid encumbrances against the sold property, such liens and/or encumbrances, security interests, claims, charges and interests are hereby transferred to the proceeds of the sale.

6. The sale of the Real Property is in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process constitutes an agreement and representation that the purchaser has inspected the Real Property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Estate/debtor, or its/her agents, except as otherwise set forth herein.

7. Closing shall occur on or before ten days from the date the Order of Sale becomes final, TIME BEING OF THE ESSENCE, with all such payments to be via certified check, cashier's check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel. Possession shall be delivered at closing.

8. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the Estate, and resell the Real Property, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this motion or the order approving the sale. The Trustee is hereby authorized (but not required) to sell the Real Property to the next highest bidder, and so on, in order to liquidate the Real Property for the benefit of the Estate.

9. Title shall be conveyed by Trustee's Special Warranty Deed, and the Trustee is, pursuant to §363(b), specifically accorded the authority to convey the Real Property described above, together with related rights of way and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the Real Property

10. The purchaser is deemed to have released any and all claims he/she/they may have against the Trustee/Estate, or any of them, or that he/she/they may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the Real Property so purchased.

11. The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

12. Real estate taxes shall be pro-rated on a fiscal year basis, between the purchaser and the Estate.

13. Real estate transfer taxes and closing costs shall be paid by the purchaser.

14. Except as to the distribution specifically authorized herein, all funds shall be held by the Trustee pending further Order of Court:

    (a) Current and delinquent real estate taxes and/or municipal claims, if any;

    (b) Any other taxes resulting in a lien against the Real Property, including any Park Tax;

    (c) Any required escrows, including escrows for water and sewage if the same is required to be paid by the estate;

    (d) Realtor's commission of the greater of $4,000 or 5%;

    (e) Servicing, noticing and legal advertising fees; and

    (f) Other miscellaneous costs.

All remaining funds shall be held by the Trustee pending further Order of this Court.

15. The sale of the Real Property to Simmer & Simmer LLC, or his, her, their or its designee for a consideration of $45,000 is authorized, approved and confirmed.

16. The Court finds that the purchaser is held to be a good faith purchaser pursuant to 11 U.S.C. §363 and *In re Abbott's Dairies of Pennsylvania, Inc.,* 788 F2d 143 (C.A. 3rd 1986), entitled to all of the protections and benefits accorded such a buyer/purchaser pursuant to 11 U.S.C. §363(m).

17. The Court further finds that the sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c)(2) on February 1, 2022, in the Pittsburgh Legal Journal on February 10, 2022 and in the Pittsburgh Post-Gazette on February 6, 2022, as shown by the Proofs of Publication duly filed.

18. The Trustee shall file a Report of Sale within five days from the date of Closing, or as soon thereafter as is practicable.

19. The Trustee is authorized and directed to make, execute and deliver such other documents as may be required to give effect hereto.

20. The stay imposed by Bankruptcy Rule 6004(h) is waived.

21. The Modified Order Confirming Chapter 13 Sale of Property Free and Divested of Liens dated December 2nd, 2020 [Doc. No. 74] is hereby vacated.

                                                                BY THE COURT

Dated: March 3, 2022
cm: Debtor

                                                      GREGORY TADDONIO
                                                      United States Bankruptcy Judge

United States Bankruptcy Court

Western District of Pennsylvania

In re:  
Andrea Watson-Lindsey  
    Debtor

Case No. 19-24544-GLT  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: auto      Page 1 of 2  
Date Rcvd: Mar 03, 2022      Form ID: pdf900      Total Noticed: 1

The following symbols are used throughout this certificate:  
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 05, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Andrea Watson-Lindsey, 2541 Allequippa Street, Pittsburgh, PA 15213-2308 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 05, 2022      Signature:      /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 3, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor Bayview Loan Servicing LLC bnicholas@kmllawgroup.com |
| Brian Nicholas | on behalf of Creditor Community Loan Servicing LLC f/k/a Bayview Loan Servicing, LLC bnicholas@kmllawgroup.com |
| Denise Carlon | on behalf of Creditor Community Loan Servicing LLC f/k/a Bayview Loan Servicing, LLC dcarlon@kmllawgroup.com |
| Jeffrey R. Hunt | on behalf of Creditor Pittsburgh Water & Sewer Authority jhunt@grblaw.com |
| Jeffrey R. Hunt | on behalf of Creditor County of Allegheny jhunt@grblaw.com |
| Jeffrey R. Hunt | on behalf of Creditor City and School District of Pittsburgh jhunt@grblaw.com |

| District/off: 0315-2 | User: auto | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Mar 03, 2022 | Form ID: pdf900 | Total Noticed: 1 |

Keri P. Ebeck
    on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com

Lawrence W. Willis
    on behalf of Debtor Andrea Watson-Lindsey ecf@westernpabankruptcy.com
    urfreshstrt@gmail.com;willislr88866@notify.bestcase.com

Lorraine Gazzara Doyle
    on behalf of Creditor Bayview Loan Servicing lorraine@mvrlaw.com  diane@mvrlaw.com;bankruptcy@friedmanvartolo.com

Maria Miksich
    on behalf of Creditor Community Loan Servicing  LLC f/k/a Bayview Loan Servicing, LLC mmiksich@kmllawgroup.com

Natalie Lutz Cardiello
    ncardiello@cardiello-law.com  ncardiello@ecf.axosfs.com

Natalie Lutz Cardiello
    on behalf of Trustee Natalie Lutz Cardiello ncardiello@cardiello-law.com  ncardiello@ecf.axosfs.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

S. James Wallace
    on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com

William E. Craig
    on behalf of Creditor Americredit Financial Services  Inc. Dba GM Financial ecfmail@mortoncraig.com,
    mhazlett@mortoncraig.com;mortoncraigecf@gmail.com

TOTAL: 15